FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

2019 JUL 26 AM 11: 04

TAMPA DIVISION

2019 JUL 26 AM 11: 04

CASE NO.:

WESTFIELD INSURANCE COMPANY, 8:19-CV-1822-T-23-JSS

      Plaintiff,

vs.

CASTLE CONSTRUCTORS COMPANY,
SUNBELT RENTALS, INC. d/b/a TAMPA
SCAFFOLDING, P C.OO84, KEITH ELMS

      Defendants.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, WESTFIELD INSURANCE COMPANY (hereinafter "WESTFIELD"),

brings this action for Declaratory Judgment against Defendants, CASTLE

CONSTRUCTORS COMPANY (hereinafter "CASTLE"), SUNBELT RENTALS, INC.

d/b/a TAMPA SCAFFOLDING, P. C. 0084 (hereinafter "SUNBELT") and KEITH

ELMS (hereinafter "ELMS") as follows:

1.      This is an action for Declaratory Judgment pursuant to Chapter 86, Florida

Statutes to determine an actual controversy between the parties with respect to the

WESTFIELD insurance policy issued to CASTLE, Policy No. TRA5 457 443, with a

policy period of September 1, 2011 through September 1, 2012 (Attached as Exhibit "A")

and a commercial umbrella liability policy, policy number TR5457443. (Attached as Exhibit B)

2.      WESTFIELD seeks a Judgment declaring that it has no duty to defend or indemnify CASTLE or SUNBELT with respect to the underlying law suit as described more fully below.

3.      At all times material hereto WESTFIELD was and is an Ohio company, incorporated in the State of Ohio with its principal place of business in the State of Ohio and authorized to and doing business in Florida.

4.      At all times material hereto, CASTLE was and is a company incorporated in Florida and doing business in the state of Florida and KEITH ELMS is a resident of Polk County, Florida.

5.      At all times materials hereto, SUNBELT was and is incorporated in North Carolina and authorized and doing business in the state of Florida.

6.      In the underlying action it is alleged that the Plaintiff, KEITH ELMS, is a paraplegic as a result of the subject accident. Therefore, the amount in controversy exceeds $75,000, exclusive of costs, interest and attorneys' fees.

7.      Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1332. The venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. Section 1391(a) due to the fact that the underlying incident/installation of the scaffold occurred in Polk County, Florida and the underlying

lawsuit is pending in the Circuit Court in and for Polk County, Florida.

8.      The WESTFIELD underlying policy provides in part as follows:

**COMERCIAL GENERAL LIABILITY COVERAGE FORM**

**SECTION 1 – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.      **Insuring Agreement**

   a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.   We will have the right and duty to defend the insured against any "suit" seeking those damages.   However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury: or "property damages" to which this insurance does not apply.   We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

   b.      This insurance applies to: Bodily Injury" and "property damages" only if,

      (1)  The "bodily injury: or "property damage" is caused by an "occurrence" that takes place in the "coverage territory."

**2.     Exclusions**

This insurance does not apply to:

**(b)  Contractual Liability**

"Bodily Injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.   This exclusion does not apply to liability for damages.

(1)     That the insured would have in the absence of the contract or agreement; or

e        **Employer's Liability**

"Bodily Injury" to:

(1)     An "employee" of the insured arising out of and in the course of

(a)     Employment by the insured; or

(b)     Performing duties related to the conduct of the insured's business; or

(2)     The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an

4

"insured contract."

## SECTION II – WHO IS AN INSURED

1.      If you are designated in the Declarations as:

    c.  An organization other than a partnership, joint venture, or limited liability company, you are an insured.  Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors.  Your stockholders are also insureds, but only with respect to their liability as stockholders.

2.      Each of the following is also an insured:

    a.  Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees"; other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

### SECTION V – DEFINITIONS

3.      "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

5.      "Employees" includes a "leased worker", "Employees" does not include a "temporary worker."

8.      "Insured Contract" means:

That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for 'bodily injury" or "property damage" to a third person or organization.  Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

13.     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

17.     "Property damage" means:

a.      Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.      Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

**AMENDMENT OF INSURED CONTRACT DEFINITION**

**Paragraph 9** of the **Definitions** Section is replaced by the following:

9.      "insured contract" means:

a.      A contract for a lease of premises.  However, that portion of

the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract."

    b.  A sidetrack agreement.

    c.  Any easement or license agreement except in connection with construction or demolition operations on or within fifty feet of a railroad.

    d.  Any obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

    e.  An elevator maintenance agreement.

    f.  That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused in whole or in part, by you or by those acting on your behalf. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

**ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU**

This endorsement modifies insurance provided under the following;

## COMMERCIAL GENERAL LIABILITY COVERAGE PART

A.   **Section II – Who is An Insured** is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage", or "personal and advertising injury" caused, in whole or in part, by

1.   Your acts or omissions; or

2.   The acts or omissions of those acting on your behalf.

In the performance of your ongoing operations for the additional insured.

A person's or organization's status as an additional insured under this endorsement ends when your operations for that additional insured are completed.

The WESTFIELD umbrella policy provides in part as follows:

The Commercial liability umbrella coverage form provides in part as follows:

## SECTION 1 – COVERAGES

## COVERAGE 1 – BODILY INJURY AND PROPERTY DAMAGE LIABILITY

**1.Insuring Agreement**

a.   We will pay on behalf of the insured the "ultimate net loss" in excess

of the "retained limit. Because of "bodily injury" or "property damage" to which this insurance applies.

## 2. Exclusions

This insurance does not apply to:

### d.      Worker's Compensation And Similar Laws:

Any obligation of the insured under a worker's compensation, disability benefits or unemployment compensation law or any similar law.

### g.      Employer's Liability

"Bodily injury" to:

(1)      An "employee" of the insured arising out of and in the course of

(a)      Employment by the insured; or

(b)      Performing duties instead to the conduct of the insured's business; or

(2)       as a consequence of Paragraph (1) above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity, and to any obligation to share damages with or repay some one else who must pay damages because of the injury.

## SECTION V – DEFINITIONS

3. "Bodily injury" means bodily injury, disability, sickness, or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" includes mental anguish or other mental injury resulting from "bodily injury."

9

13.    "Occurrence" means an accident, including contiuous or repeated exposure to substantially the same general harmful conditions.

18. "Property Damage" means:

a.    Physical injury to tangible property, including all rustling loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it, or

b.    Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

9.    The accident which is the subject of the Second Amended Complaint occurred while KEITH ELMS was working as an employee of CASTLE on a construction project in Polk County, Florida.  CASTLE had rented scaffolding from SUNBELT.  While using that scaffolding on the construction project, a section of the scaffolding collapsed resulting in injury to KEITH ELMS.

10..    KEITH ELMS has filed a Second Amended Complaint in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida, Case No. 2015- CA- 001985.  Attached as Exhibit C is a copy of that Second Amended Complaint.

### COUNT 1 - SUNBELT

11.    Counts I and II of the Complaint are directed to SUNBELT and

seeks to hold SUNBELT liable under a strict liability theory and/or negligence theory.

12.     SUNBELT had a rental agreement with CASTLE for the rental of the scaffolding.     Attached as Exhibit "D" is a copy of that Agreement. SUNBELT contends that they are an additional insured under the WESTFIELD general liability policy issued to CASTLE. The WESTFIELD additional insured language as cited above provides that an additional insured is "any person or organization for whom you are performing operations and you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured . . . ".

13.     At the time of the subject accident CASTLE was not performing operations for SUNBELT. As such, SUNBELT does not have additional insured status under the WESTFIELD policy.

14.     Additionally, pursuant to the language of the WESTFIELD policy SUNBELT is an additional insured only for "bodily injury" caused in whole or part by the acts or omissions of CASTLE or the acts or omissions of those acting on behalf of CASTLE.     There are no allegations in the Second Amended Complaint filed by ELMS of any negligence on the part of CASTLE or anyone acting on behalf of CASTLE.     Under Florida law a duty to defend is based

11

solely on the four courners of the Complaint. Since there are no allegations in the Complaint of any negligence or fault on the part of CASTLE or those acting on behalf of CASTLE there is no duty to defend SUNBELT

15.    The WESTFIELD umbrella policy does not contain an additional insured endorsement. As such, SUNBELT does not qualify as an insured under that policy.

16.    SUNBELT claims that the WESTFIELD policy (ies) provides coverage for SUNBELT as an additional insured.  WESTFIELD contends that SUNBELT is not an additional insured for the damages sought in the underlying action and that there is no duty to defend or indemnify for those damages.  As such, WESTFIELD is entitled to declaratory relief under Chapter 86, Florida Statutes and the Declaratory Judgment Act, 28 USC Section 2204 in that there is a bonafide present and practicable need for declaration, the declaration deals with the present, ascertainable state of facts in controversy and all parties to this action have an actual present and adverse interest to the subject matter.

**WHEREFORE**, for the reasons stated above, Plaintiff, WESTFIELD INSURANCE COMPANY (WESTFIELD"), respectfully requests this Honorable Court declare the rights, status, obligations and duties of the parties under the WESTFIELD'S policies and, more specifically, finding that WESTFIELD has no

duty to defend or indemnify CASTLE in the underlying action. WESTFIELD further request that it be awarded such further relief in law and equity to which it may be entitled.

### COUNT II – CASTLE CONSTRUCTORS COMPANY

17.    Count III of the Second Amended Complaint is the only Count directed to CASTLE. That Count alleges that CASTLE knew or should have known of a potential civil action resulting from the collapse of the scaffolding. That Count further alleges that CASTLE had a duty to preserve the subject scaffolding but failed to do so and this has resulted in an impairment of KEITH ELMS' ability to prove his law suit against the manufacture and other Defendants.

18.    Under Florida law a general liability policy does not provide liability coverage for claims for negligent spoliation of evidence since that does not constitute an occurrence for bodily injury or property damage, Furthermore, the WESTFIELD policy excludes coverage for CASTLE's liability for bodily injury to an employee. Therefore, neither the underlying or umbrella policies provide coverage.

19.    CASTLE claims that the WESTFIELD policy provides coverage as an additional insured. WESTFIELD contends that there is no duty to defend or indemnify CASTLE. As such, WESTFIELD is entitled to declaratory relief

under Chapter 86, Florida Statutes and a Declaratory Judgment Act, 28 USC Section 2204 in that there is a bonafide present and practicable need for declaration, the declaration deals with the present, ascertainable state of facts in controversy and all parties to this action have an actual present and adverse interest to the subject matter.

**WHEREFORE**, for the reasons stated above, Plaintiff, WESTFIELD INSURANCE COMPANY (WESTFIELD"), respectfully requests this Honorable Court declare the rights, status, obligations and duties of the parties under the WESTFIELD policies and, more specifically, finding that WESTFIELD has no duty to defend or indemnify CASTLE in the underlying action. WESTFIELD further request that it be awarded such further relief in law and equity to which it may be entitled.

**Dated:  July 19, 2019.**

VASQUEZ & TOSKO, LLP
Landmark Center One
315 East Robinson Street, Suite 650
Orlando, FL 32801 - 4328
(407) 481-9300; (407) 481-9171 (Fax)

/s/ Wayne Tosko

By: _____

WAYNE TOSKO
Fla. Bar No.: 404675

14

Attorneys for Plaintiff

15